IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
Oct 03 2018
U.S. DISTRICT COURT
Northern District of WV

**Diana Mey**
    **Plaintiff,**

vs.

Case No. 5:18-cv-166 (Bailey)

**Environmental Safety International, Inc.**
**a/k/a Septic Safety**
**a/k/a Activator 1000**
**Joseph M. Carney**
**Joe Reed**
    **Defendants.**

## COMPLAINT

Now comes the Plaintiff, Diana Mey, by and through her attorney, Benjamin Sheridan, of the law firm of Klein and Sheridan, LC, and hereby states as follows:

### JURISDICTION AND PARTIES

1. The Plaintiff, Diana Mey, is a resident of Ohio County, West Virginia.

2. Jurisdiction of this Court arises pursuant to 47 U.S.C. § 227 et Seq.

3. This action arises out of Defendants' violations of the Telephone Consumer Protection Act ("TCPA"), violations of orders, rules and regulations promulgated the Federal Communications Commission (FCC) relating to the TCPA, the National Do Not Call registry and by its invasion of Plaintiff's privacy by repeatedly via an automated dialer system.

4. The Plaintiff is a person who falls under the protection of Article 2 of the West Virginia Consumer Credit and Protection Act (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

5. The Defendant, Environmental Safety International, Inc. a/k/a Septic Safety a/k/a Activator 1000 (Septic Safety), is a corporation having its principal offices in a state

1

other than West Virginia and which does business in West Virginia.

6. Upon information and belief, Septic Safety is defunct or at least does not pick up it's mail anymore.

7. The Defendant, Joseph M. Carney, is an owner and officer of Septic Safety.

8. The Defendant, Joe Reed, is an owner and officer of Septic Safety.

9. The Defendants are debt collector as defined by *West Virginia Code* §46A-2-122(d) engaging directly or indirectly in debt collection as defined by *West Virginia Code* §46A-2-122(c) within the State of West Virginia, including, Ohio County, West Virginia.

10. Venue is proper in this Court because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

**FACTUAL ALLEGATIONS**

11. Plaintiff has a telephone number that is assigned to a cellular telephone service.

12. All of Plaintiff's telephone numbers are on the national "Do Not Call" registry.

13. In or about April of 2004, Septic Safety was cited by the FCC for prerecorded telephone calls.

14. In or about February of 2005, the FCC issued a Notice of Apparent Liability for Forfeiture in the amount of $14,500 to Septic Safety, finding that "that "Despite the (2004) citation's warning that subsequent violations could result in the imposition of monetary forfeitures, the Commission has received additional consumer complaints indicating that Septic Safety apparently continued to send illegal prerecorded, unsolicited advertisements after receiving the citation."

15. In or about June of 2005 the FCC issues forfeiture as to Septic Safety in the amount of $9,000 for "willful and repeated violations…" of the telephone protection laws.

16. On or about December 29, 2016 at approximately 1:14 PM, Ms. Mey received an unsolicited call from a phone number associated with the Defendants, (803) 489-7604. This was a prerecorded call about septic tanks and cesspools. The call prompted Ms. Mey to leave her name, and Ms. Mey did so solely for the purpose of identifying who was calling her in an unsolicited manner.

17. On or about December 30, 2016, Ms. Mey received a call from Karen with "Activator 1000"

18. Upon information and belief, Activator 1000 is an alias of the Defendant Septic Safety.

19. Ms. Mey purchased Activator 1000 on the call with Karen for the purposes of identifying who was calling her in an unsolicited manner.

20. On or about January 9, 2017, Ms. Mey received an additional prerecorded call, identical to the call she received on December 29, 2016, pitching septic tank and cesspool products.

21. On or about January 11, 2017, Ms. Mey receives the Activator 1000 product from Septic Safety along with a letter identifying the company as Environmental Safety International, Inc. This letter was signed by Defendant Joseph Carney.

22. Plaintiff returned the Activator 1000 for a full refund.

23. Plaintiff has been annoyed, harassed, harangued, and otherwise bothered by unwanted telephonic solicitation phone calls, despite her number being registered with the federal do not call database.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §227(b)(3)(B)

24. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

25. On information and belief, Defendant used an automatic telephone dialing system as defined by 47 USC § 227 (a)(1) when it made each and every call to Plaintiffs number assigned to a cellular telephone in the last four years.

26. Upon information and belief, the Defendant uses pre-recorded messages in its calls to consumers such as the Plaintiff.

27. Upon information and belief, the Defendant has been sanctioned by the FCC in the past for violations of the TCPA.

28. On information and belief, Defendant did not have Plaintiff's prior express written consent prior to contact Plaintiff at his wireless number using an automatic telephone dialing system.

29. Defendant made the calls to Plaintiff willfully.

30. Defendant made the calls to Plaintiff knowingly.

31. Defendant's acts in making the calls to Plaintiff were not accidental.

32. Plaintiff's privacy has been invaded as a result of Defendant's acts.

33. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

### COUNT II

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §227(c)(5)

34. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

35. Defendant made telephone solicitation calls to Plaintiff.

36. Plaintiff informed Defendant Plaintiff is on the Do Not Call Registry.

37. Upon information and belief, the Defendants knew or reasonably should have known that the Plaintiff was on the national "Do Not Call List."

38. Defendant made these telephone solicitations despite Plaintiff's number having been registered on the national "Do Not Call List."

39. On information and belief, Defendant fails to properly maintain or train its personnel how to comply with the TCPA and the FCC rules and regulations.

40. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT III

### *INJUNCTIVE RELIEF*

41. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

42. Plaintiff requests that this Court grant it injunctive relief preventing Defendants, their agents, employees, representatives or their successors and assigns from taking any action contrary to or in violation of any part of the TCPA 47 U.S.C. § 227 pursuant to 47 U.S.C. § 227 (b)(3)(A).

## COUNT IV

### *COMMON LAW NEGLIGENCE*

43. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

44. Defendant negligently failed to train, supervise, monitor or otherwise control its employees to ensure that its employees did not violate the TCPA as alleged in Counts I and II.

45. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT V

### *COMMON LAW INVASION OF PRIVACY*

46. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

47. The Plaintiff has, and have, an expectation of privacy to be free from harassing and annoying telephone calls within the confines of Plaintiff's home.

48. The acts of the Defendant in placing telephone calls to Plaintiff's home telephone number invaded, damaged and harmed Plaintiff's right of privacy.

49. As a result of the Defendant's actions, the Plaintiff suffered emotional distress.

50. As a result of the Defendant's action, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT VI

### *COMMON LAW INVASION OF PRIVACY*

51. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

52. It is an unfair and deceptive act and practice to call someone who is on the federal "Do Not Call" registry and attempt to sell the products and violations West Virginia Code § 46A-6-104.

53. It is unfair to avoid the normal avenues of commerce and harass someone at their phone

about purchasing products they may not want in violation of West Virginia Code § 46A-6-104.

54. It is unfair to use pre-recorded messages to call someone who has not requested to be contacted by that business in an attempt to get them to purchase products they did not solicit in violation of West Virginia Code § 46A-6-104.

55. Plaintiff has an out of pocket expense because she purchased the product and had to return it, including postage.

56. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT VII

## VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT W.V.C. §46A-6F-601(2)

57. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

58. Defendant engaged Plaintiff repeatedly or continuously in an annoying, abusive, or harassing manner.

59. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT VIII

## VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION

ACT W.V.C. §46A-6F-601(3)

60. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

61. Defendant initiated an outbound call with Plaintiff despite Plaintiff having entered her number on the "Do Not Call" registry prior to this contact and had reasonable expectations to not be called by or on behalf of a telemarketer.

62. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT IX

## VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT W.V.C. §61-3C-14a

63. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

64. Defendant placed an unsolicited call to Plaintiff, despite Plaintiff's telephone number being on the "Do Not Call" registry, with intent to harass or abuse Plaintiff into paying for a product they had not expressed interest in purchasing.

65. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## DEMAND FOR RELIEF

Plaintiff demands from the Defendant:

a. damages pursuant to 47 U.S.C. § 227 (b)(3)(B) for each and every call in the amount of at least $500 for each such act that this Court finds were not made willfully or not made knowingly;

b. damages pursuant to 47 U.S.C. § 227 (b)(3)(B) for each and every call in the amount of $1,500 for each such act that this Court finds were made willfully or were made knowingly; and

c. damages pursuant to 47 U.S.C. § 227 (c)(5) for each and every failure to abide by the TCPA and FCC's do-not-call-list requirements in the amount of at least $500 for each such act that this Court finds were not made willfully or not made knowingly;

d. damages pursuant to 47 U.S.C. § 227 (c)(5) for each and every failure to abide by the do-not-call-list requirements in the amount of $1,500 for each such act that this Court finds were made willfully or were made knowingly; and

e. an order granting Plaintiff injunctive relief preventing Defendants, their agents, employees, representatives or their successors and assigns from taking any action contrary to or in violation of any part of the TCPA 47 U.S.C. § 227 pursuant to 47 U.S.C. § 227 (b)(3)(A)

f. $500 per violation of the Telephone Consumer Protection Act as provided for in in 47 USCS § 227(b)(3)(B);

g. $200 per violation of the West Virginia Consumer Credit and Protection Act;

h. $1,500 per violation of the Telephone Consumer Protection Act to the extent the violations were willful 47 USCS § 227(b)(3)(C);

i. Plaintiff be awarded actual damages and statutory damages as allowed for in *W. Va. Code*

§ 46A-6F-701;

j. The Plaintiff be granted general damages and punitive damages for Defendant's conduct alleged in Count V;

k. Such other relief as the Court shall deem just and proper under the attendant circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

**DIANA MEY**
BY COUNSEL

BY: /s/ Benjamin M. Sheridan
Benjamin M. Sheridan (# 11296)
*Counsel for Plaintiff*
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
(304) 562-7111
Fax: (304) 562-7115