IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**Diana Mey**
    **Plaintiff,**

**vs.**                                                                                       Case No.  5:18-cv-166

**Environmental Safety International, Inc.**
**a/k/a Septic Safety**
**a/k/a Activator 1000**
**Joseph M. Carney**
**Joe Reed**
    **Defendants.**

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Comes now the Plaintiff, Diana Mey, and pursuant to Rule 56 of the FRCP moves this honorable Court to enter summary judgment against the Defendants in the above-captioned action. The Defendants have failed to respond to requests for admissions properly filed in this case.  They have further failed to keep their addresses up to date with the Court, and at this point do not seem interested in prosecuting a defense to this case.

This honorable Court further held an in-person status hearing on October 24, 2019 at 11:00 and the Defendants did not appear.

Ms. Mey supports her assertions in this motion and the complaint by affidavit and attached as Exhibit 1 to this motion.  Further, Plaintiff supports her motion with a similar default order from the Circuit Court of Ohio County. See Exhibit 2, Judgement Order in *Mey v. Travel Options, Inc.* Cir. Ct. of W. VA. Case No. 17-C-73.  Lastly, Ms. Mey supports her motion with an affidavit of counsel as to fees and costs, and a calculation of statutory fees attached as Exhibit 3.  Plaintiff Diana Mey then moves this honorable Court for an entry of Summary Judgement and requests damages, both statutory and punitive, for the Defendant's conduct.

I.   **Applicable Law**

FRCP Rule 56. Summary Judgment states that:

(a) "MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT. A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion."

II.   **ARGUMENT**

**A. The Defendants Refused to Participate and Defend Themselves**

The Plaintiff has attempted to reach out to Mr. Carney about sitting down for a Rule 26(f) meeting and has received no response. See Plaintiff's Motion for a Scheduling Conference, Docket Entry 5 and Exhibits. The Court's order setting that meeting was returned as undeliverable on June 4, 2019. See Docket Entry 7. Further, the Defendant has made no attempt to update the Court or Plaintiff's counsel with an address at which he be reached.

On October 24, 2019 at 11:00 AM, this Court held an in-person hearing on this matter at the Wheeling Federal Courthouse. The Defendants did not appear, and only Ms. Mey noticed an appearance.

It seems clear at this point that the Defendant has no intention of continuing his prosecution of any Defense. Therefore, the Plaintiff moves for an entry of summary judgment for the claims contained in the Complaint and as supported by the attached Affidavit of Diana Mey, Exhibit 1.

**B. The Defendants Violated State and Federal Law**

   **1. Violations of 47 U.S.C. §227(b)(3)(B), Count I of the Complaint**

On or about December 29, 2016, at approximately 1:14 PM, Ms. Mey received an

unsolicited and prerecorded call on her cellular telephone from the Defendants selling products related to septic tanks and cesspools. See Exhibit 1.  The very nature of the call coming from a pre-recorded system is evidence that it was made by an automated dialing system, and this, coupled with the fact that the Defendant has been cited in the past by the FCC for TCPA violations, indicates that Ms. Mey was contacted by an automated dialer.  The Defendant has made no attempt to refute this allegation, and their silence on this point can be taken as an indication that they have nothing to present to defend themselves.

Further, as the Defendant has been cited in the past for similar violations, this is strong evidence that the Defendant called Ms. Mey willingly in violation of 47 U.S.C. §227(b)(3)(B). The Defendant's use of a pre-recorded message about septic systems indicates that the Defendant called knowingly with the intent to try to sell a product.  The Defendant did not accidentally attempt to solicit from Ms. Mey but did so with the clear intent of attempting to sell her a product.

The TCPA is "willfully or knowingly violated" when a defendant knows of the statute's prohibitions, knows it does not have permission to contact an individual, and does so anyway. *In re Monitronics Intern., Inc., Telephone Consumer Protection Act Litigation,* 2014 WL 316476 (N.D.W.Va. Jan. 28, 2014). The FCC has opined that to establish "willful or knowing" behavior under the TCP A, the claimant does not have to prove bad faith, but only that the offender had reason to know, or should have known, that his conduct would violate the statute. *Id.* at *5. In other words, said *Monitronics,* "willful" means that the violator knew that he was doing the act in question. *Id.* (internal citations omitted). *See also Moore* v. *DISH Network, LLC,* 57 F.Supp. 639 (N.D.W.Va. 2014) ("because DISH knew that it was calling the wrong person but insisted in calling [ the number] regardless of that knowledge, the Court finds that DISH willfully and

knowingly violated Moore's rights ... ") *Id.* at 657.

This contact is annoying and inconvenient to Ms. Mey and triggers the statutory penalties sections of the TCPA.

It should also be pointed out that Septic Safety has been sanctioned for this exact same conduct, i.e. selling unwanted and unsolicited septic products by autodialed and prerecorded messages, in 2005, by the FCC.  See Exhibit 4, Notice of Apparent Liability for Forfeiture.  In 2006, the FCC formalized their notice into a former order.  See Exhibit 5, Order of Forfeiture.

### 2. Violations of 47 U.S.C. §227(c)(5), Count II of the Complaint

At all times relevant to this case, Ms. Mey's cellular telephone number was registered with the federal Do Not Call Registry.  As a result, the Defendant knew or had reason to know that Ms. Mey's cellular telephone number was on the national "Do Not Call List."  A simple search of the registry by the Defendant would have revealed this fact and would have been prudent prior to any telephone call Ms. Mey.

Ms. Mey even went as far as to notify the Defendant of her presence on the "Do Not Call List."  The Defendant did not properly handle that information, either out of negligence or a lack of caring generally.  Regardless, the Defendant contacted Ms. Mey despite her presence on the list and annoyed, inconvenienced, bothered, and harassed her as articulated in the complaint.

The Defendant has made no attempt to dispute or refute these allegations in the Complaint.

### 3. Injunctive Relief, Count III of the Complaint

Given the Defendant's past failures to abide by FCC sanction from the FCC, their contacting Ms. Mey despite her presence on the national "Do Not Call List" and the Defendants' gross disregard for this Court proceeding, it seems prudent to request this Court order the

4

Defendants cease and desist all further calls to consumers so that future consumers do not have to endure the process that Ms. Mey had to.

Further, as provided for in W. Va. Code §46A-6F-701(c), any consumer who has been subjected to an abusive act and practice by a telephone marketer is entitled to injunctive relief.

**4. Common Law Negligence, Count IV of the Complaint**

At all times relevant to this case, it was certainly within the scope of the risk that Ms. Mey would be harmed by the Defendant's calling the Plaintiff despite her presence on the national "Do Not Call List." The creation of the national "Do Not Call List" creates a reasonable standard of care that a reasonable ordinary person would not call someone registered on that list to solicit them. The fact Ms. Mey placed her phone number on that list is enough to show that Ms. Mey desired to be free of telephone solicitations. No reasonable, ordinary, upstanding citizen would call someone on that list to solicit the sale of septic products.

However, no reasonable person would even want to randomly call other individual people to sell them products they do not want. That is, in fact, why Congress passed a law against that conduct. By doing so, Congress set a standard of care that we in America do not do that to our fellow citizens, and we especially do not do it if we have registered on the federal "Do Not Call" registry.

Thus, it is reasonable and within the scope of the risk that when the Defendant breached that duty to Ms. Mey, they could harm her by annoying and inconveniencing her. Therefore, the Defendant is liable for the annoyance and inconvenience they caused Ms. Mey.

**5. Invasion of Privacy, Count V and VI of the Complaint**

Ms. Mey has a reasonable expectation to privacy in her home and when she is out and about. The expectation extends to the point of not being interrupted in what she was doing by

someone attempting to sell septic products in violation of federal law and the National "Do Not Call List." As a result, when the Defendant opted to call Ms. Mey without her permission, they actively and affirmatively decided to invade the privacy of her home to annoy her about purchasing a product.

To that end, the Defendant is liable for any harassment, annoyance, inconvenience, anger, and all other damages caused by the Defendant's intentional invasion of her privacy.

Count VI of the Complaint is a repeat of Count V retained by accident.

### 6. Violations of *W. Va. Code* §46A-6F-601, Counts VII and VIII of the Complaint

*West Virginia Code* §46A-6F-601 provides that "It is an abusive telemarketing act or practice and a violation of this article for any telemarketer to engage in the following conduct… (2) Engage any person repeatedly or continuously with behavior a reasonable person would deem to be annoying, abusive or harassing… (3) Initiate an outbound telephone call to a person when that person previously has stated that he or she does not wish to receive an outbound telephone call made by or on behalf of the telemarketer whose goods or services are being offered…" W. Va. Code §46A-6F-601 (2) and (3).

The Defendant did engage Ms. Mey repeatedly or continuously by calling her in solicitation of a product that she did not want. Any reasonable person who has received such calls would argue that they are annoying, abusive, and harassing. No reasonable person would say they enjoy getting random calls for junk they do not want and did not solicit.

Further, the Defendant did initiate an outbound call to Ms. Mey, despite knowing or reasonably being expected to know, that she did not want solicitation calls because Ms. Mey had put her phone number on the federal "Do Not Call" registry. Thus, the Defendant violated *W.*

*Va. Code* §46A-6F-601 of West Virginia law and is liable under the statutory provisions of *W. Va. Code* §46A-6F-701(a) to a statutory penalty of not less than $100 nor more than $3,000. Further, the Plaintiff is entitled to injunctive relief under §46A-6F-701(c).

### 7. Violations of *W. Va. Code* §61-3C-14a, Count IX of the Complaint

*West Virginia Code* §61-3C-14a provides that it is unlawful for any "person, with the intent to harass or abuse another person, to use a computer, mobile phone, personal digital assistant, or other electronic communicate device to…(1) Make contact with another person without disclosing his or her identity or with the intent to harass or abuse…" A person is defined very broadly by *West Virginia Code* §61-3C-3(n) as "any natural person, general partnership, limited partnership, trust, association, corporation, joint venture or any state, county or municipal government and any subdivision, branch, department or agency thereof." Thus, both the Defendant and the Plaintiff are "persons" for purposes of the act.

The Defendant called Ms. Mey both without adequately identifying themselves and with the purpose of harassing Ms. Mey into purchasing septic products she did not want. The Defendant would or should have known they were harassing Ms. Mey, as she had even gone to the trouble of listing her phone number on the national "Do Not Call List." The Defendant should have checked the phone number prior to contacting Ms. Mey.

*W. Va. Code* §61-3C-14a has a private right of action established by *W. Va. Code* §61-3C-16, and Ms. Mey is entitled to compensatory, punitive, and injunctive damages as a result of the Defendant's violations of this code section.

Further, each violation of the WVCCPA gives rise to a separate penalty under the TCPA and the WVCCPA. *Charvat* v. *NMP, LLC,* 656 F.3d 440, 449 (6th Cir. 2011) (TCPA); *Dunlap* v. *Green Tree Servicing, LLC,* 2005 WL 3177881 (S.D.W.Va. Nov. 28, 2005), *Sturm* v.

*Providien Nat'/ Bank,* 242 B.R. 599,603 (S.D.W.Va. 1999) (finding that separately alleged violations of the debt collection provisions of the WVCCP A may be aggregated for purposes of determining the amount in controversy). *Also see* Exhibit 2, Judgement Order in *Mey v. Travel Options, Inc.* Cir. Ct. of W. VA. Case No. 17-C-73.

### III.  CONCLUSION

The Defendant violated several laws by continuing to contact Ms. Mey after it was clear that she did not want telephone solicitations.  Ms. Mey had placed her number on the national "Do Not Call" registry, thus making it clear she did not desire telephone solicitation calls.  Further, Ms. Mey had never asked or solicited Septic Safety to make annoying and harassing telephone calls to her home.

The Defendant has made no attempt to defend themselves in this matter, and to that end, Ms. Mey is moving this Honorable Court for summary judgment on all of the Counts contained in the Complaint.

In support of her damages demand, the Plaintiff submits a calculation of statutory penalties, fees, and expenses as Exhibit 3.  Plaintiff hopes this calculator is help in allowing the Court to calculate damages. To the extent that additional testimony is required, the Plaintiff gladly makes herself available to testify in a hearing on damages.

WHEREFOR, the Plaintiff moves this honorable Court to grant Plaintiff's motion for summary judgment and enter an order of judgement of damages or set a hearing on damages in the Court's discretion.

                                                             **DIANA MEY**
                                                             BY COUNSEL

/s/ Benjamin M. Sheridan
Benjamin Sheridan (# 11296)
*Counsel for Plaintiff*
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
 (304) 562-7111

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**Diana Mey**
    **Plaintiff,**

vs.                                                                                                   Case No.  5:18-cv-166

**Environmental Safety International, Inc.**
**a/k/a Septic Safety**
**a/k/a Activator 1000**
**Joseph M. Carney**
**Joe Reed**
    **Defendants.**

## CERTIFICATE OF SERVICE

      I, Benjamin Sheridan, attorney for the Plaintiff, certify that I served a true copy of the foregoing **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** on the Defendants listed at the addresses below by first class mail, postage prepaid, on this 20th day of November, 2019.

        Environmental Safety International, Inc.
        a/k/a Septic Safety
        a/k/a Activator 1000
        685 Bergen Blvd, STE 205
        Ridgefield, NJ 07657-1400

        Joseph M. Carney
        20 Appletree Ln
        Hillsdale, NJ 07642-1228


                BY:        /s/ Benjamin M. Sheridan
                            Benjamin Sheridan (# 11296)
                            *Counsel for Plaintiff*
                            Klein & Sheridan, LC
                            3566 Teays Valley Road
                            Hurricane, WV 25526
                            (304) 562-7111