IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**DIANA MEY**,

    Plaintiff,

v.                                                           **Civil Action No. 5:18-CV-166**
                                                                    **(BAILEY)**

**ENVIRONMENTAL SAFETY
INTERNATIONAL, INC., JOSEPH
M. CARNEY,** and **JOE REED**,

    Defendants.

## *ROSEBORO* NOTICE

On November 20, 2019, the plaintiff filed a Motion for Summary Judgment **[Doc. 17]**. This Court notes that defendant Carney is proceeding *pro se*; therefore, this Court has a mandatory duty to advise the *pro se* defendant of his right to file responsive material, and to alert them to the fact that failure to so respond might result in the entry of an order of judgment against them with regard to the Complaint. ***Davis v. Zahradrich***, 600 F.2d 458, 460 (4th Cir. 1979); ***Roseboro v. Garrison***, 528 F.2d 309, 310 (4th Cir. 1975). The defendants are so advised.

Summary judgment is appropriate "if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."

***Celotex Corp. v. Catrett***, 477 U.S. 317, 323 (1986).  The nonmoving party is required "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."  ***Id***. at 322.  When a moving party supports its motion under Rule 56 with affidavits and other appropriate materials pursuant to the rule, the opposing party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . the response . . . by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial."  ***Matsushita Electric Industrial Co. v. Zenith Radio Corp.***, 475 U.S. 574, 587 (1986) (quotation omitted).

Within twenty-eight (28) days of receipt of this Order, the defendants shall file any opposition explaining why the Motion for Summary Judgment [Doc. 17] should not be granted.  The defendants are further advised that they must serve the plaintiff with any response filed.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to send a copy by certified mail, return receipt requested, to the *pro se* defendants.

**DATED**: November 22, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE