## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA
## WHEELING

**DIANA MEY,**

        Plaintiff,

v.

**ENVIRONMENTAL SAFETY
INTERNATIONAL, INC., JOSEPH
M. CARNEY,** and **JOE REED,**

        Defendants.

**Civil Action No. 5:18-CV-166
(BAILEY)**

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pending before this Court is plaintiff's Motion for Summary Judgment, filed November 20, 2019 [Doc. 17]. On November 22, 2019, this Court entered a ***Roseboro*** Notice directing the defendants to file any opposition explaining why the motion should not be granted. [Doc. 19]. The order sent to defendant Carney, the only defendant to have made an appearance in this case, was returned as undeliverable. As of the entry of this order, more than a month has passed since the motion or the ***Roseboro*** notice were filed, but to date there has been no response from defendant Carney. Accordingly, the motion is now ripe for decision. For the reasons stated below, this Court will grant the motion.

Although all three defendants in this case received service of process via the West Virginia Secretary of State, only defendant Carney made an appearance, by filing an answer to the complaint on October 31, 2018. [Doc. 4]. Accordingly, on August 28, 2019, the Clerk entered default against defendants Environmental Safety International, Inc., and Joe Reed. [Doc. 12]. Since initially filing his *pro se* answer, however, Mr. Carney has made no further appearance in this case and has failed to keep his address up to date with this

Court. Further, plaintiff asserts in her motion that the defendants have failed to respond to any communications or participate in a Rule 26(f) conference. [Doc. 17 at 1].

## **LEGAL STANDARD**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 323-25; *Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations

2

omitted).

## DISCUSSION

This Court has considered the exhibits and authorities submitted by plaintiff and the arguments of plaintiff's counsel. As an initial matter, because the plaintiff has submitted an affidavit [Doc. 18-1] attesting to facts in this case including those filed in the complaint, and because the defendant has not opposed the motion for summary judgment nor at any point in this case provided any evidence disputing plaintiff's claims, this Court finds that the plaintiff has satisfied her initial burden of showing that there is no genuine dispute of material fact.

Upon review, this Court finds that the plaintiff received three calls from the defendant on December 29, 2016, December 30, 2016, and January 9, 2017, using an automated telephone dialing system to the plaintiff's number. The plaintiff's number is assigned to a cellular phone service and is on the Do Not Call list. The Court finds that each of these calls constituted violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA"), W.Va. Code § 46A-6F-601 for a call to a number listed on the "Do Not Call" list and violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(3) for calls made to a number listed on the "Do Not Call" list as well as for calls made using an automated telephone dialing system. Because the defendant has previously been cited in 2004 and 2005 for violations by the FCC, including willful violations of the telephone protection laws, the Court finds that the three calls to the plaintiff were made willfully and knowingly. The Court finds that the plaintiff is entitled to statutory damages for these violations, as well as injunctive relief pursuant to W.Va. Code § 46A-6F-701(c).

Under 47 U.S.C. § 227(b)(3)(B), plaintiff has a right to recover actual monetary loss or $500, whichever is greater, from each violation of 47 U.S.C. § 227(b). If the Court finds that the violations were committed willfully or knowingly, the Court has discretion to increase the amount of the award to three times the amount available under section (b)(3)(B). For three violations for calling a wireless phone number on the "Do Not Call" list under the TCPA, the plaintiff is entitled to $500 for each violation; because this Court has found the violations were done willfully and knowingly, the Court deems it appropriate to increase the award to $1,500 for each violation, for a total of $4,500. Likewise, for three violations for calling using an automated telephone dialing system under the TCPA, the plaintiff is entitled to $500 for each violation; because this Court has found the violations were done willfully and knowingly, the Court deems it appropriate to increase the award to $1,500 for each violation, for a total of $4,500.

Under W.Va. Code § 46A-6F-701, the WVCCPA, plaintiff may recover, in addition to damages, "a penalty in an amount, to be determined by the court, of not less than one hundred dollars nor more than three thousand dollars." The Court finds that an award of $3,000 is appropriate for each violation. Additionally, under W.Va. Code § 46A-6F-701(e), the Court may adjust the damages to account for inflation from the first day of July, 1998, to the time of the award of damages in an amount determined by the application of data from the consumer price index. Applying this inflation[1], the Court finds that the damages should be adjusted to $14,171.36.

---

[1]Calculations made by CPI Inflation Calculator, US Department of Labor, Bureau of Labor Statistics, https://www.bls.gov/data/inflation_caculator.htm to calculate inflation from July 1998 to December 2019, the most recent month with available data.

4

Although the plaintiff includes calculations for attorneys' fees and expenses, this Court does not find an award of such fees is appropriate because they are not authorized under 47 U.S.C. § 227 or W.Va. Code § 46A-6F-701. The section of the TCPA giving rise to the cause of action asserted in this case, § 227(b)(3), does not authorize awarding attorneys' fees. See *Reid v. I.C. Sys. Inc.*, 304 F.R.D. 253, 256 (D. Ariz. 2014). Likewise, although other sections of the WVCCPA authorize awarding attorneys' fees, no such provision is included in section 701. Nor does the plaintiff provide some other basis for an award of attorneys' fees. Accordingly, the parties bear their own costs.

Further, plaintiff has shown she is entitled to judgment as a matter of law in respect to injunctive relief under 47 U.S.C. § 227(b)(3) and W.Va. Code § 46A-6F-701(c). Accordingly, the Court finds it appropriate to order defendant to cease and desist all further calls to consumers in violation of these statutes.

Finally, the Court finds that the plaintiff is not entitled to an award of damages for her claims of negligence and invasion of privacy. Although plaintiff argues that defendant is liable for "annoyance and inconvenience" for negligence and for "any harassment, annoyance, inconvenience, anger, and all other damages" for invasion of privacy, she has not shown any damages beyond these mere assertions.

## CONCLUSION

For the aforementioned reasons, plaintiff's Motion for Summary Judgment **[Doc. 17]** is hereby **GRANTED**. Accordingly, the Court awards penalties against defendant in the total amount of $23,171.36. The defendant is further **ORDERED** to cease and desist from all calls to consumers which would violate 47 U.S.C. § 227 or W.Va. Code § 46A-6F-601.

The Clerk is directed to enter judgment in favor of the plaintiff and **STRIKE** this matter from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to mail a certified copy, return receipt requested to any pro se parties.

**DATED**: January 16, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE